CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 24 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WILLIAM D. WILLIAMS,<br>Petitioner, | |
| | Civil Action No. 7:06CV00593 |
| v. | **MEMORANDUM OPINION** |
| T. O'BRIEN, WARDEN,<br>Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

The petitioner, William D. Williams, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on October 3, 2006. Williams alleges that he has been exposed to unconstitutional living conditions. For the following reasons, the court concludes that the petition must be dismissed.

## Background

Williams is incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. He is presently housed in the special housing unit. Williams alleges that inmates in the special housing unit are exposed to unconstitutional living conditions. Specifically, Williams alleges that the library in the special housing unit is inadequate, that inmates do not receive pens or sufficient amounts of paper, that the toilets are flushed infrequently, that inmates do not receive proper cleaning or hygiene supplies, that the mattresses and bedding are tattered, that the food services are inadequate, and that the mail room withholds magazines. Williams also alleges that he was subjected to an unlawful strip search on September 29, 2006, in retaliation for filing grievances regarding inadequate dental treatment. Specifically, Williams contends that he was forced to strip in "in full view" of two female staff members. Williams seeks an order requiring prison officials to "correct all unconstitutional conditions," as well as an order directing prison officials to cease performing strip searches in view of female employees.

The court conditionally filed Williams' petition on October 10, 2006. In the conditional filing order, Williams was advised that the court intended to construe his petition as a civil rights action arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Williams has now filed an objection to the order. Williams indicates that he "does not seek to commence a Bivens action," because "none of the conditions complained of have been exhausted through the administrative remedy process."

## Discussion

A federal court may only grant a petition for writ of habeas corpus under § 2241 if the petitioner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are 'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). Thus, habeas relief under § 2241 "is appropriate only when a prisoner attacks the fact or duration of confinement; whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought [in a civil rights action.]" Olajide v. B.I.C.E., 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (internal citations omitted). See also Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005) (holding that an inmate challenging the conditions under which he is being held may not seek relief under § 2241); Ajaj v. Smith, 108 Fed. Appx. 743, 744 (4th Cir. 2004) (noting that a § 2241 petition alleging constitutional violations at a federal prison was properly construed as a Bivens action).

2

In the instant petition, Williams clearly challenges the conditions of his confinement rather than the fact or duration of his confinement. Williams seeks an order requiring prison officials to "correct all unconstitutional conditions," as well as an order directing prison officials to cease performing strip searches in view of female employees. Thus, a favorable decision by this court would not result in his release from custody or have any impact on the length of his confinement. While Williams' allegations may be appropriate in a civil rights action under Bivens, they do not state cognizable grounds for relief under § 2241. Accordingly, Williams' petition must be dismissed without prejudice.[*]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 24th day of October, 2006.

                                                United States District Judge

---

[*] The court also notes that Williams' petition is subject to dismissal for failure to exhaust administrative remedies. Contrary to Williams' assertions, it is well established that a federal inmate must first exhaust administrative remedies before seeking review in federal court under § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981); McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004). Failure to exhaust may only be excused by a showing of cause and prejudice. McClung, 90 Fed. Appx. at 445.